UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MALLOY,

              Plaintiff,

       -against-

BARRY, *Correctional Officer*; JOHN DOE(S), *Correctional Officer(s)*,

              Defendants.

19-CV-7906 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

On October 7, 2019, the Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed the complaint without prejudice under the Prison Litigation Reform Act's "three-strikes" rule because Plaintiff is barred from filing any new action IFP while incarcerated. (ECF No. 7.) The Court indicated that Plaintiff may commence a new action by paying the relevant fees, or alleging facts demonstrating that he is under imminent threat of serious physical injury.

On November 1, 2019, the Court received a letter from Plaintiff seeking permission for a 90-day extension of time to pay the $400.00 in filings fees required to commence a civil action in this Court. (ECF No. 15.) On November 12, 2019, Plaintiff filed a notice of appeal from the Court's October 7, 2019 judgment. (ECF No. 16.) On November 22, 2019, the Court received another letter from Plaintiff requesting an extension of time from "December 3, 2019 until February 3, 2020" to pay the filing fees. (ECF No. 17.)

The Court denies Plaintiff's requests for an extension of time to pay the filing fees. The Court dismissed the action without prejudice and the case is closed. Plaintiff may refile the

action at any time as a new complaint and pay the relevant fees.[1] Or if Plaintiff is no longer incarcerated, he may refile the action and pay the relevant fees or submit an application to proceed IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's requests for an extension of time to pay the relevant fees (ECF Nos. 15, 17).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 9, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] If Plaintiff is no longer incarcerated, he may refile the action and pay the relevant fees or submit an application to proceed IFP. He should take note that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

2